ALIENS — PUBLIC EMPLOYMENT — CONSTITUTIONALITY Title 74 O.S. 255 [74-255] (1971), and 74 O.S. 832 [74-832] (1975), forbidding or restricting employment of aliens in public employment or on public works in unconstitutional and, therefore, the Department of Mental Health may employ a person to a Merit System position who is not a citizen of the United States. The Attorney General has considered your opinion request wherein you ask, in effect, the following questions: 1. Is 74 O.S. 255 [74-255] (1971), and 74 O.S. 832 [74-832] (1975), pertaining to hiring of any person who is not a citizen of the United States constitutional? 2. Can the Oklahoma Department of Mental Health employ a person who is not a citizen of the United States? Title 74 O.S. 255 [74-255] (1971), states: "The heads of the Departments except as otherwise herein provided are hereby authorized and empowered to appoint persons to hold positions created in their respective departments. The persons so appointed shall hold office at the will of such State Officer and in the case of all Boards and Commissioners, such Board or Commission shall, by vote thereof, except as otherwise provided, appoint persons to hold positions created under such Boards or Commissions by this Act, and the said persons so appointed shall hold office at the will of such officer, Boards or Commissions making said appointment, provided that any Board or Commission may authorize the Secretary of such Board or Commission to make said appointment. "Provided further, that it shall be unlawful for the heads of any Department, or and Departments, except institutions of higher learning and state hospitals, the State Health Department, the Highway Department in the employment of engineers and technicians, schools for mentally retarded and State Veterans Facilities as pertains to doctors, dentists, nurses and other trained technicians, to employ in any way any person who is not a citizen of the United States, and repealing all laws in conflict herewith. The provisions of this Act shall in no way be interpreted to repeal any provision of the laws heretofore enacted creating the Merit System of the State of Oklahoma." (Emphasis added.) Title 74 O.S. 832 [74-832] (1975), states: "Based upon the results of competitive entrance examinations and adequate registers, as provided in this act, the Board shall certify to the appointing authority the names of the five (5) persons receiving the highest grade or score in said examinations, or the top ten percent (10%) of eligible persons on the register but not to exceed fifteen (15) persons, whichever is the larger, plus all eligibles whose grade or score is tied with the lowest ranking of those so eligible. In filling vacant positions, the appointing authority shall select any one of the persons whose names have been so certified and may give preference in all cases to persons who have resided in this state for at least one (1) year prior to the date of the examination. Provided, however, that any appointing authority authorized to employ persons who are not citizens of the United States, pursuant to Section 255 of this title, may request the Board to certify only the names of persons who are citizens of the United States in carrying out the provisions of this section; and such appointing authority may select any person so certified to the Board to fill such vacant positions even though a noncitizen may have received a higher grade on the examination . . ." (Emphasis added.) TheFourteenth Amendment to the Constitution of the United States of America states in Section 1: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (Emphasis added.) The United States Supreme Court in Sugarman v. McDougall, 413 U.S. 634, 37 L.Ed.2d 853, 93 S.Ct. 2842
(1973), held unconstitutional a New York state statute forbidding or restricting employment of aliens in public employment or on public works. The Supreme Court in Sugarman stated: "An alien is entitled to the shelter of the Equal Protection Clause; the protection extends to aliens who work for a living in the common occupations of the community." The Supreme Court in Sugarman acknowledged the fact that the State has power to exclude aliens from participation in its democratic political institutions such as voting and holding high public office. The Court further stated, however: "While a state has an interest in establishing its own form of government and in limiting participation in that government to those who are within the basic conception of a political community, and has broad power to define its political community, the means which the state employs to achieve its substantial purpose, with discrimination against aliens, must be precisely drawn in light of the acknowledged purpose." The Supreme Court held that the New York statute prohibiting the appointment to a position in the competitive class to an alien unconstitutional and stated: "A state statute which denies all aliens the right to hold positions in the state's classified competitive civil service violates theFourteenth Amendment to equal protection guaranty." The California State Supreme Court in Purdy and Fitzpatrick v. State of California, 456 P.2d 645 (1969), held unconstitutional a statute which prohibited the employment of aliens on public works. The California Supreme Court stated: "A state may not arbitrarily foreclose to any person the right to pursue an otherwise lawful occupation." and: "A state statute prohibiting the employment of aliens on public works offended the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that the classification did not reasonably relate to the permissible legislative goal of the protection of the labor market and the contract construction field; the discrimination involved denied arbitrarily to certain persons, merely because of their status as aliens, the right to pursue an otherwise lawful occupation." It is, therefore, apparent that the State may not prohibit the employment of a noncitizen other than in areas involved in the political process and high public office. In regard to your second question of whether or not the State Mental Health Department may employ a noncitizen in a Merit System position, we must look to the classification of the statute prohibiting such employment. Title 74 O.S. 255 [74-255] (1971), does provide exception to the general ban, however, the State Mental Health Department is not included. Accordingly, since the statute makes it unlawful for any department head to employ a noncitizen and in light of the United States Supreme Court decision in Sugarman, it is the opinion of the Attorney General that such classification is discriminatory. The Attorney General in Opinion No. 74-131 rendered unconstitutional two statutes which purported to exclude aliens from practice of medicine in the State of Oklahoma without regard to other factors. It is, therefore, the opinion of the Attorney General that your question can be answered as follows: Title 74 O.S. 255 [74-255] (1971), and 74 O.S. 832 [74-832] (1975), forbidding or restricting employment of aliens in public employment or on public works is unconstitutional and, therefore, the Department of Mental Health may employ a person to a Merit System position who is not a citizen of the United States. (David K. McCurdy)